## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROMAN A. URBANIAK, on behalf of plaintiff and the classes defined herein, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 07 CV 6326 |
| v. | ) ) | Judge Grady |
| | ) | Magistrate Judge Mason |
| CREDIGY RECEIVABLES, INC.; CREDIGY SERVICES CORP.; and STEWART & ASSOCIATES, P.C., Attorneys at Law, a professional corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, CREDIGY RECEIVABLES, INC. ("CRI"), CREDIGY SERVICES CORP. ("CSC"), and STEWART & ASSOCIATES, P.C., ATTORNEYS AT LAW ("SAPC"), by their attorneys, David M. Schultz and Peter E. Pederson, state as follows for their Answer and Affirmative Defenses to Plaintiff's Complaint:

### INTRODUCTION

1.      Plaintiff brings this action to secure redress against unlawful collection practices. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") by defendants Credigy Receivables, Inc. ("CRI") , Credigy Services Corp. ("CSC"), and Stewart & Associates, P.C., Attorneys at Law, a Professional Corporation ("SAPC").

**ANSWER:**    Admit that plaintiff has sued defendants for alleged violations of the FDCPA.  Deny that defendants violated the FDCPA or engaged in unlawful practices.  Deny all remaining allegations in ¶ 1.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1692k (FDCPA).

**ANSWER:**    Admit that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337 and under the FDCPA.  Deny all remaining allegations in ¶ 2.

3.    Venue in this District is proper because defendants' collection communications were received in this District.

**ANSWER:**    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 3.

<u>PARTIES</u>

4.    Plaintiff Roman A. Urbaniak is a resident of the Northern District of Illinois.

**ANSWER:**    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 4.

5.    Defendant CRI is a Nevada corporation with offices at 3950 Johns Creek Court, Suwanee, GA 30024. Its registered agent and office for purposes of service are Registered Agents Legal Services, 202 N. Curry St., Suite 100, Carson City, NV 89703.

**ANSWER:**    Defendants admit that CRI is a Nevada corporation whose registered agent is Registered Agents Legal Services, Ltd., at the location stated in the second sentence of ¶ 5. Defendants deny the remaining allegations in ¶ 5.

6.    Defendant CRI is engaged in the sole business of purchasing charged-off debts originally owed (if at all) to others.

**ANSWER:**    Defendants admit that CRI is in the business of purchasing and holding title to distressed debts.  Defendants deny the remaining allegations in ¶ 6.

7.    Between August 1, 2006 and the present, CRI has been the plaintiff in more than 150 collection lawsuits pending in the Illinois courts.

**ANSWER:**    Defendants admit the allegations in ¶ 7.

8.    Defendant CRI is a debt collector as defined in the FDCPA.

**ANSWER:**    Denied.

9.    Defendant CRI pays an average of less than 5 cents on the dollar for the debts it purchases.

2

**ANSWER:**    Denied.

10.    Defendant CSC is a corporation chartered under Georgia law with offices at 3950 Johns Creek Court. Suwanee, GA 30024.

**ANSWER:**    Defendants admit that CSC has offices at the location stated in ¶ 10 and deny all remaining allegations in ¶ 10.

11.    CSC's registered agent and office are Registered Agent, Ltd., 1201 W. Peachtree St., Suite 3500, Atlanta, GA 30309.

**ANSWER:**    Defendants admit that CSC's registered agent is located at 1201 W. Peachtree St., Suite 3500, Atlanta, GA 30309.  Deny the remaining allegations in ¶ 11.

12.    Defendant CSC uses the mails and telephones to collect debts allegedly owned by CRI.

**ANSWER:**    Admitted.

13.    Defendant CSC holds an Illinois collection agency license.

**ANSWER:**    Admitted.

14.    Defendant CSC is, on information and belief (based on testimony given by Crediqy personnel in other cases), "master servicer" for CRI and provides all servicing for debts allegedly owned by CRI.

**ANSWER:**    Admit that CSC performs collection services in connection with the debt owned by CRI.  Deny all remaining allegations in ¶ 14.

15.    Defendant CSC is a debt collector as defined in the FDCPA.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to whether CSC is a "debt collector" for purposes of plaintiff's debt because it is unknown whether his debt was incurred for personal, family or household purposes.  Defendants admit that in certain circumstances CSC qualifies as a debt collector under § 1692a(6) of the FDCPA.  All remaining allegations are denied.

3

16.    Defendant SAPC is a professional corporation chartered under Georgia law with offices at 3950 Johns Creek Court, Suwanee, GA 30024, in the same building and office suite as CRI and CSC.

**ANSWER:**    Defendants admit that SAPC is a professional corporation organized under Georgia law with employees at the location stated in ¶ 16.    Defendants deny the remaining allegations in ¶ 16.

17.    The registered agent and office of SAPC are Registered Agents, Ltd.. 1201 W. Peachtree St., Suite 3500, Atlanta, GA 30309.

**ANSWER:**    Defendants admit that SAPC's registered agent is correctly identified in ¶ 19.  Defendants deny all remaining allegations in ¶ 17.

18.    The "Stewart" in SAPC is Steven J. Stewart, who is president, secretary, treasurer, and director of SAPC.

**ANSWER:**    Defendants admit that Steven J. Stewart ("Stewart") holds the referenced titles at SAPC. Defendants deny that Stewart is the only corporate officer of SAPC.  Defendants deny all remaining allegations in ¶ 18.

19.    Steven J. Stewart is also an officer of CRI and CSC.

**ANSWER:**    Admitted, but deny that Stewart is the only corporate officer of CRI and CSC.

20.    On information and belief, based on testimony given by Credigy personnel, SAPC and CSC use the same computer system, known as the "Simplect" system.

**ANSWER:**    Defendants admit that CSC and SAPC use the same proprietary software. Defendants deny the remaining allegations in ¶ 20.

21.    On information and belief, based on testimony given by Credigy personnel, SAPC does work almost exclusively for Credigy entities, including CRI and CSC.

**ANSWER:**    Defendants admit that SAPC provides legal services that it is authorized to perform for CRI and other entities that seek to collect accounts owned by CRI.  Defendants deny all remaining allegations in ¶ 21.

4

22.    Defendant SAPC regularly sends collection letters into Illinois with respect to debts allegedly owned by CRI and serviced by CSC.

**ANSWER:**    Defendants admit that SAPC sends collection letters to debtors on accounts that are appropriate for suit and that such debtors may be residents of Illinois. Defendants deny the remaining allegations in ¶ 22.

23.    On information and belief, based on testimony given by Credigy personnel, all postage and other expenses involved in sending such letters are paid by CSC or another Credigy entity.

**ANSWER:**    Denied.

24.    Defendant SAPC is a debt collector as defined in the FDCPA.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to whether SAPC is a "debt collector" for purposes of plaintiff's debt because it is unknown whether his debt was incurred for personal, family or household purposes. Defendants admit that in certain circumstances SAPC qualifies as a debt collector. All remaining allegations are denied.

## FACTS

25.    On May 23, 2007, plaintiff was sent the collection letter attached hereto as <u>Exhibit A</u>.

**ANSWER:**    Admit that on or around May 23, 2007, SAPC sent plaintiff a document of which Exhibit A appears to be a copy. Defendants deny the remaining allegations in ¶ 25.

26.    <u>Exhibit A</u> sought to collect from plaintiff a purported credit card debt incurred for personal, family or household purposes.

**ANSWER:**    Admit that SAPC sent the letter in an attempt to collect a delinquent credit card debt. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in ¶ 26.

27.    <u>Exhibit A</u> is on the letterhead of SAPC.

6263533v1 883648

**ANSWER:**    Admitted.

28.    Exhibit A is a form letter.

**ANSWER:**    Defendants admit that Exhibit A is an example of a type of letter SAPC

uses to collect debts.  Defendants deny the remaining allegations in ¶ 28.

29.    The "FED_EX_NL_SSA" on Exhibit A is a form number.

**ANSWER:**    Admit that "FED_EX_NL_SSA" refers to the type of collection letter of

which Ex. A is an example.  Deny all remaining allegations in ¶ 29.

30.    Exhibit A states:

a.    "[O]ur client intends to enforce your outstanding obligation in court."

b.    "[I]f you do not contact us and arrange a repayment plan acceptable to us within ten (10) days of delivery of this letter, we have been authorized to refer this matter to an attorney licensed in your state for the filing of a lawsuit against you."

c.    "If the lawsuit is filed, our client will seek to recover attorneys' fees, court costs, and any other costs if permitted by law or contract."

**ANSWER:**    Admit that ¶ 30 purports to quote portions of Ex. A.  Deny that ¶ 30 is an

accurate or complete quotation of the letter.  Deny all remaining allegations in ¶ 30.

31.    Exhibit A and other letters prepared using the same form were generated as a matter of course as part of a series of letters generated by the shared computer system used by defendants CRI, CSC and SAPC when a debt was placed in their system.

**ANSWER:**    Denied.

32.    The debt described in Exhibit A is not based on a written contract.

**ANSWER:**    Denied.

33.    The debt described in Exhibit A allegedly went into default on some date substantially prior to April 23, 2001.

**ANSWER:**    Admit that plaintiff defaulted on the debt prior to April 2001.  Deny that

the statute of limitations on the debt has expired.  Deny all remaining allegations in ¶ 33.

34.    The debt described in Exhibit A was barred by limitations when Exhibit A was sent.

6263533v1 883648

**ANSWER:**     Denied.

## COUNT I — FDCPA — CLASS CLAIM

35.     Plaintiff incorporates paragraphs 1-34.

**ANSWER:**     Defendants restate and adopt their responses to ¶¶ 1-34.

36.     Defendants violated the FDCPA by sending letters threatening litigation on time-barred debts.

**ANSWER:**     Denied.

37.     Defendants thereby violated 15 U.S.C. §§1692e, 1692e(2), and 1692e(5). 1692e(10)s and 1692f.

**ANSWER:**     Denied.

## CLASS ALLEGATIONS

38.     Plaintiff brings this claim on behalf of a class.

**ANSWER:**     Defendants admit that plaintiff purports to bring this count on behalf of the class defined in ¶ 39.  Defendants deny that the class exists, that the class meets the requirements for class certification, and that the class should be certified.   Defendants deny all remaining allegations in this paragraph.

39.     The class consists of (a) all natural persons with Illinois addresses (b) to whom defendants sent a letter in the form represented by Exhibit A (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the tiling of this action. (d) when the date of delinquency or last payment was more than five years prior to the date on the letter.

**ANSWER:**     Defendants admit that plaintiff purports to bring this count on behalf of the class defined in ¶ 39.  Defendants deny that the class exists, that the class meets the requirements for class certification, and that the class should be certified.   Defendants deny all remaining allegations in this paragraph.

40.     The class members are so numerous that joinder is impracticable.

**ANSWER:**     Defendants admit that plaintiff purports to bring this count on behalf of the class defined in ¶ 39.  Defendants deny that the class exists, that the class meets the requirements

7

for class certification, and that the class should be certified. Defendants deny all remaining

allegations in this paragraph.

41.     On information and belief, there are more than 50 natural persons with Illinois
addresses to whom defendants sent a letter in the form represented by <u>Exhibit A</u>, on or after a
date one year prior to the filing of this action, and on or before a date 20 days after the filing of
this action, when the date of delinquency or last payment was more than five years prior to the
date on the letter.

**ANSWER:**     Defendants admit that plaintiff purports to bring this count on behalf of the

class defined in ¶ 39. Defendants deny that the class exists, that the class meets the requirements

for class certification, and that the class should be certified. Defendants deny all remaining

allegations in this paragraph.

42.     There are questions of law and fact common to the class members, which
common questions predominate over any questions that affect only individual class members.
The predominant common question is whether defendants had a practice of sending letters
threatening suit on time-barred debts.

**ANSWER:**     Defendants admit that plaintiff purports to bring this count on behalf of the

class defined in ¶ 39. Defendants deny that the class exists, that the class meets the requirements

for class certification, and that the class should be certified. Defendants deny all remaining

allegations in this paragraph.

43.     Plaintiff's claim is typical of the claims of the class members. All are based on the
same factual and legal theories.

**ANSWER:**     Defendants admit that plaintiff purports to bring this count on behalf of the

class defined in ¶ 39. Defendants deny that the class exists, that the class meets the requirements

for class certification, and that the class should be certified. Defendants deny all remaining

allegations in this paragraph.

44.     Plaintiff will fairly and adequately represent the interests of the class members.
Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:**    Defendants admit that plaintiff purports to bring this count on behalf of the class defined in ¶ 39.  Defendants deny that the class exists, that the class meets the requirements for class certification, and that the class should be certified.  Defendants deny all remaining allegations in this paragraph.

45.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

**ANSWER:**    Defendants admit that plaintiff purports to bring this count on behalf of the class defined in ¶ 39.  Defendants deny that the class exists, that the class meets the requirements for class certification, and that the class should be certified.  Defendants deny all remaining allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

If defendants violated the FDCPA, which they deny, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

Defendants did not violate the FDCPA.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered damages.

### FOURTH AFFIRMATIVE DEFENSE

1.    Plaintiff claims that collection letters sent by SAPC violate the FDCPA because they threaten suit on debts that are allegedly time-barred.

9

2.      CSC and CRI had no involvement in the drafting or mailing of the challenged letters.

3.      CSC and CRI cannot be held directly liable for the violation under the FDCPA, and their net worth is not relevant to the calculation a class's maximum recovery under 15 U.S.C. § 1692k(a)(2)(B).

WHEREFORE, Defendants, CREDIGY RECEIVABLES, INC., CREDIGY SERVICES CORP., and STEWART & ASSOCIATES, P.C., respectfully request that this Court deny the relief sought in Plaintiff's Complaint, enter judgment in defendants' favor, and award defendants their costs.


                                        Respectfully submitted,

                                        CREDIGY RECEIVABLES, INC.,
                                        CREDIGY SERVICES CORP., and
                                        STEWART & ASSOCIATES, P.C.,
                                        Attorneys at Law, a professional corporation

David M. Schultz                        By:  s/  Peter E. Pederson
Peter E. Pederson
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
(312) 704-3000
(312) 704-3001 (fax)

6263533v1 883648

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that on January 2, 2008, I e-filed this document using the Court's CM/ECF filing system, which will make a copy available to counsel of record identified below.


s/ Peter E. Pederson

## SERVICE LIST

Daniel A. Edelman, Esq.
Cathleen M. Combs, Esq.
James O. Latturner, Esq.
Francis R. Greene, Esq.
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street
18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (fax)

6263533v1 883648