**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROMAN A. URBANIAK, | ) | |
| on behalf of plaintiff and the class defined | ) | |
| herein, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6326 |
| | ) | Judge Grady |
| vs. | ) | Magistrate Judge Nolan |
| | ) | |
| CREDIGY RECEIVABLES, INC.; | ) | |
| CREDIGY SERVICES CORP.; and | ) | |
| STEWART & ASSOCIATES, P.C., | ) | |
| ATTORNEYS AT LAW,  A PROFESSIONAL | ) | |
| CORPORATION; | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Roman A. Urbaniak respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendants Credigy Receivables, Inc. ("CRI"), Credigy Services Corp. ("CSC"); and Stewart & Associates, P.C., Attorneys at Law, A Professional Corporation ("SAPC").

Plaintiff defines the class as (a) all natural persons with Illinois addresses (b) to whom defendants sent a letter in the form represented by Appendix A (c) on or after November 8, 2006 (one year prior to the filing of this action), and on or before November 28, 2007 (20 days after the filing of this action) (d) when the date of delinquency or last payment was more than five years prior to the date on the letter.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

1.     This case arises out of defendants' practice of collecting or attempting to collect time-barred debts.

2.     On or about May 23, 2007, defendants sent plaintiff the standard form collection letter attached hereto as <u>Appendix A</u>, seeking to collect on a credit card debt that allegedly went into default over five years ago.  <u>Appendix A</u> expressly states "we have been authorized by our clients to refer this matter to an attorney for the filing of a lawsuit against you."  The debt described in <u>Appendix A</u> is not based on a written contract. It was admittedly over five years old.  It is thus subject to the five year Illinois statute of limitations 735 ILCS 5/13-203.

3.     Plaintiff contends that the collection or attempted collection of a time-barred debt violates 15 U.S.C. §§1692e, e(2), e(5), e(10), and § 1692(f) of the FDCPA. <u>Kimber v. Federal Financial Corp.</u>, 668 F.Supp. 1480 (M.D.Ala. 1987).

**CLASS CERTIFICATION REQUIREMENTS**

4.     All requirements of Rules 23(a) and (b)(3)  of the Federal Rules of Civil Procedure have been met.

5.     It is reasonable to infer that the class is so numerous that joinder of all members is impractical in that:

a.     <u>Appendix A</u> is a form letter used by defendants, as evidenced by the form letters in the bottom right hand corner: FED_EX_NL_SSA.  The form letter was in use at least from of September 7, 2006 (<u>Appendix B</u>) until May 23, 2007 (<u>Appendix A</u>).

b.     During the relevant class period, defendants filed over more than

2

400 lawsuits in Cook County (Appendix C).

      c.     It is reasonable to infer that more than 400 letters were sent because defendants do not file lawsuits on all debts where letters were sent.

      6.     Plaintiff will obtain the exact number of class members through discovery, and requests a briefing schedule long enough to obtain such information.

      7.     There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members.  The predominant common question is whether Defendants' practice of collecting or attempting to collect time-barred debts violates the FDCPA.

      8.     The only individual issue is the identification of the consumers who were sued by defendants, a matter capable of ministerial determination from defendant's records.

      9.     Plaintiff's claims are typical of those of the class members.  All are based on the same factual and legal theories.

      10.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. (Appendix D)  Plaintiff's counsel have sufficient resources to insure the vigorous prosecution of this action in the interests of the class members.

      11.     A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

      a.     Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.

      b.     Consumers are unlikely to recognize the violation.

      c.     The attempted collection of time-barred debts causes substantial

injury to the public.

            d.      A class action is necessary to determine that defendant's conduct is a violation of law and bring about its cessation.

            12.     In further support of this motion, plaintiff submits the accompanying memorandum of law.

            13.     Plaintiff is filing a class certification motion at this early date because of the decision in White v. Humana Health Plan, Inc., 06 C 5546, 2007 U.S.Dist. LEXIS 32263 (N.D.Ill., May 2, 2007).

            WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle R. Teggelaar
Francis R. Greene
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel A. Edelman, certify that on February 6, 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent via electronic mail to all counsel of record by operation of the Court's electronic filing system.

David Schultz
dschultz@hinshawlaw.com

Peter E. Pederson
ppederson@hinshawlaw.com

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman