IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROMAN A. URBANIAK, on behalf of plaintiff and the classes defined herein, </br></br> Plaintiff, </br></br> v. </br></br> CREDIGY RECEIVABLES, INC.; CREDIGY SERVICES CORP.; and STEWART & ASSOCIATES, P.C., Attorneys at Law, a professional corporation, </br></br> Defendants. | No. 07 CV 6326 </br></br> Judge Grady </br></br> Magistrate Judge Mason |

**JOINT MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT AGREEMENT**

Plaintiff, ROMAN A. URBANIAK ("Plaintiff"), individually, and as representative of the class of persons defined below in ¶ 4(a) ("Class"), and Defendants, CREDIGY RECEIVABLES, INC. ("CRI"), CREDIGY SERVICES CORP. ("CSC"), and STEWART & ASSOCIATES, P.C., Attorneys at Law, a professional corporation ("SAPC") (collectively "Defendants"), request that this Court enter an order (i) granting preliminary approval to the Class Settlement Agreement ("Agreement") attached as Exhibit A; (ii) approving the form of the Class Notice attached as <u>Exhibit 1</u>, (iii) designating Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel; and (iv) setting dates for opt-outs, objections and return of claim forms and a hearing for final approval.

1. Plaintiff alleges that Defendants engaged in false and misleading collection practices, and thereby violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, by sending debtors collection letters that allegedly threatened to file suit on debts that were outside the statute of limitations.

2. After arms-length discussion, the parties reached an agreement to settle Plaintiff's claims, as set forth in the Agreement. Exhibit A.

3. Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon counsel's review and analysis, the parties entered into the Agreement.

4. The parties desire to settle and compromise the litigation on the terms and conditions embodied in the Agreement and agree as follows:

    a. <u>Class Certification</u>. The parties have stipulated to certification of the following class ("Class") for settlement purposes only.

    (a) all persons with Illinois addresses (b) to whom Defendants sent a letter in the form of <u>Exhibit A</u> to Plaintiff's complaint (c) between November 8, 2006 and November 28, 2007 (d) when the date of delinquency or last payment was more than five years prior to the date on the letter.

    Defendants estimate based on their electronic records that about 715 people are in the Class.

    b. <u>Relief to Plaintiff</u>. Defendants agree to pay $1000 to Plaintiff, as statutory damages and for his services as Class representative. Defendants also agree to release the debt they sought to collect from Plaintiff in Exhibit A to the complaint, agree not to resell the debt, and will request its deletion from his credit reports if they previously reported the debt to the credit reporting agencies.

    c. <u>Class Recovery.</u> Defendants agree to pay the sum of $9,500.00 to settle the claims of the Class. Class Members who do not exclude themselves and who timely return a claim form ("Claimants") will receive a pro rata share of the Class recovery by check. Checks issued to Claimants will be void after 60 days. If any portion of the Class Recovery remains 30 days after the void date on the Claimants' checks, these remaining funds will be donated in the form of a *cy pres* award to the Chicago Volunteer Legal Services Foundation.

    d. <u>Attorney's Fees and Costs</u>. Defendants shall pay attorney's fees and costs to Class Counsel of $19,500, subject to Court approval. This amount will be paid in

        addition to the Class Recovery. Defendants agree not to oppose Class Counsel's application for attorney's fees and costs in this amount. Class Counsel will not request additional fees or costs from Defendants or the Class.

    e.    <u>Class Notice</u>. Within 30 days of entry of the Preliminary Approval Order, Defendants shall cause actual notice, in the form of <u>Exhibit 1</u> to the Agreement, to be mailed to the last known addresses of the members of the Class, according to Defendants' records. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Defendants shall cause any such returned notice to be forwarded to the address provided to Defendants within four business days of receipt. If final approval is granted, the parties shall retain the class list and a list of class members who opted in or excluded themselves for two years thereafter, and may destroy them after that period.

    f.    <u>Class Members' Right to Opt Out</u>. Any Class Member may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Class Member who opts out of the Class and Agreement shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

5.    Based on experience, Class Counsel expects that between 10-15% of the class members will submit claim forms. As there are approximately 715 Class members, if 10% of the Class Members return a claim form, each Claimant will receive about $132.87. If 15% return a claim form, each Claimant will receive about $88.58.

6.    The FDCPA caps a class's recovery at 1% of the debt collector's net worth. Defendants contend that the only entity that acted as a debt collector in this case was SAPC, and its net worth would allow for a maximum class recovery of $1,650.00. Defendants contend that, if *arguendo* the other defendants acted as debt collectors (which defendants deny), the maximum class recovery would be $8,500.00. The Class Recovery under the Agreement exceeds that amount. Plaintiff contented that somewhat more was available, in the low 5 figures. Under the circumstances, therefore, Class Counsel believe that the Agreement is fair and reasonable, would be in the best interest of the Class members, and should be approved by the Court.

7. Defendants disclosed information relevant to the requirements of FED. R. CIV. P. 23, including the size of the putative class, which the parties have relied upon in reaching the Agreement and in bringing this motion. The proposed Agreement meets all of the requirements of Rule 23:

  a. <u>Numerosity</u>. The Class, having an estimated 715 members, satisfies the numerosity requirement. of Rule 23(a)(1). *See Swanson v. American Consumer Industries, Inc.,* 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); *see also* Newberg on Class Actions, 3rd Ed. Sec. 3.05, at 3-25.

  b. <u>Commonality</u>. "The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact. *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992). The Class members have claims based on a form of letter mailed by SAPC.

  c. <u>Typicality</u>. The "typicality" requirement of Rule 23(a)(3) is satisfied for the reasons that the "commonality" requirement of Rule 23(a)(2) is met. *De La Fuente v. Stokley-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1993)

  d. <u>Adequacy of Representation</u>. Plaintiff's counsel are experienced in class action and FDCPA litigation. In addition, Plaintiff has no interests which are antagonistic to the Class Members. Plaintiff has engaged in discovery to determine the value of the claims and has negotiated a settlement that provides in excess of the maximum recovery provided for by the FDCPA to the Class. Therefore, Plaintiff and his counsel satisfy the adequacy of representation requirement embodied in Rule 23(a)(4).

  e. <u>Predominance & Superiority</u>. Class certification is appropriate under Rule 23(b)(3) where (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. Both of these requirements are satisfied in the present case. These requirements are met.

8. Plaintiff requests that the Court set a schedule consistent with the proposed Agreement:

  a. Class Notice (Exhibit 1) is to be mailed within 30 days of entry of the Preliminary Approval Order;

  b. Class members shall have until 60 days after the initial mailing of the notice to exclude themselves from or object to the proposed settlement. Any class members desiring to exclude themselves from the action must file their request for exclusion with the Clerk of the United States District Court for the Northern

        District of Illinois, Eastern Division and serve copies of the request on counsel for both Plaintiff and Defendant by that date. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of a settlement.

    c.    To receive a portion of the Class Recovery, class members must complete, return, and postmark a claim form by 60 days after the initial mailing of the notice. The claim form will be sent with the class notice.

    d.    A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court 90 days from the entry of this order) .

    9.    In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the parties, the parties intend for the Settlement Agreement to Control, subject to Court approval.

    WHEREFORE, the parties respectfully request that the Court enter an order in the form of <u>Exhibit 2</u> to the Agreement, which (i) grants preliminary approval of the proposed settlement, (ii) directs the mailing of the notice, in the form of <u>Exhibit 1</u> to the Agreement, and (iii) sets dates for opt-outs, objections, and schedules a hearing for final approval under FED. R. CIV. P. 23(c)(2).

| Respectfully submitted: | Respectfully submitted: |
|---|---|
| **EDELMAN COMBS LATTURNER & GOODWIN, LLC** | **HINSHAW & CULBERTSON LLP** |
| Daniel Edelman | David M. Schultz |
| Francis Greene | Peter E. Pederson |
| 120 So. LaSalle Street, 18th Floor | 222 North LaSalle Street |
| Chicago, IL  60603 | Suite 300 |
| (312) 739-4200 | Chicago, IL  60601 |
| | 312-704-3000 |
| s/Francis Greene | s/Peter E. Pederson |
| Counsel for Plaintiffs | Counsel for Defendants |

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on September 9, 2008, he filed this document with the Court's CF/ECM system, which will make copies available to all counsel of record.

s/Francis Greene
Francis R. Greene