# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROMAN A. URBANIAK, on behalf of plaintiff and the classes defined herein,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **No. 07 CV 6326** |
| **v.** | ) ) ) | **Judge Grady** |
| **CREDIGY RECEIVABLES, INC.; CREDIGY SERVICES CORP.; and STEWART & ASSOCIATES, P.C., Attorneys at Law, a professional corporation,** | ) ) ) ) ) ) ) | **Magistrate Judge Mason** |
| **Defendants.** | ) | |

**CLASS SETTLEMENT AGREEMENT**

**RECITALS**

1.     **Parties.**   Defendants, CREDIGY RECEIVABLES, INC. ("CRI"), CREDIGY SERVICES CORP. ("CSC"), and STEWART & ASSOCIATES, P.C., Attorneys at Law, a professional corporation ("SAPC") (collectively "Defendants"), and Plaintiff, Roman A. Urbaniak ("Plaintiff") individually, and as representative of the class of persons defined below in ¶ 8 ("Class"), enter into this Settlement Agreement ("Agreement").

2.     **Nature of litigation.**   In this lawsuit, Plaintiff alleges that Defendants engaged in false and misleading collection practices, and thereby violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, by sending debtors collection letters that allegedly threatened to file suit on debts that were outside the statute of limitations.

3.     **Denial of Liability.**   Defendants deny violating the FDCPA or other statutes and further deny any liability to Plaintiff and the Class for the claims alleged.  Defendants desire to settle the claims solely to avoid the expense, burden, and uncertainty of further litigation, and to

put to rest all claims, known or unknown, that have been or might have been asserted by the Plaintiff or the Class against Defendants, concerning the matters alleged.

4.     Plaintiff, individually and on behalf of the Class, desires to settle his claims against Defendants, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive.

5.     Plaintiff's counsel have investigated the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel consider it to be in the best interest of the class to enter into this Agreement.

6.     In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel, and Defendants agree to settle the claims of the Plaintiff and the Class, subject to the Court's approval, on the following terms and conditions.

## **TERMS**

7.     **Effective Date.**     This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of all the following: (1) the Court's entry of a final order approving this Agreement as fair, reasonable, and adequate to the class; finding that this Agreement is fair and made in good faith; and dismissing the claims of Plaintiff and the class members against Defendants without prejudice; and (2) (a) if no objection is received, the expiration of five (5) days from the time that the final approval order becomes a final, non-appealable order, or (b) if an objection is received, the expiration of five (5) days after the time the final order, judgment and decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition approves the Court's final order,

judgment and decree, the terms and provisions of this Agreement, and orders the consummation

of the settlement in accordance with the terms and provisions of this Agreement.

8.    **Certification of Class**.      For the purposes of settlement, the parties stipulate

to the certification of the Class, which is defined as:

> (a) all persons with Illinois addresses (b) to whom Defendants sent a letter in the form of <u>Exhibit A</u> to Plaintiff's complaint (c) between November 8, 2006 and November 28, 2007 (d) when the date of delinquency or last payment was more than five years prior to the date on the letter.

Defendants estimate based on their electronic records that about 715 people are in the Class.

9.    **Relief to Plaintiff and the Class.**  Defendants shall provide the following relief

to Plaintiff and the Class.

a.    Defendants shall pay $9,500 as the Class recovery.  Each Class member who does not exclude him- or herself and who timely returns a claim form shall receive a pro rata share of the Class Recovery by check, void 60 days after issuance.  Class members will have 45 days from the date notice of the class settlement is first mailed to return a claim form or request exclusion.

b.    Defendants shall pay $1,000 to Plaintiff as his statutory damages and in recognition of his services as Class Representative.

c.    Subject to the Court's approval, Defendants shall pay counsel for Plaintiff and the Class, Edelman, Combs, Latturner & Goodwin, LLC, a total of $19,500.00 in fees and costs, in addition to the Class Fund.

10.    Class members shall have 60 days after mailing of the notice of the proposed

settlement to opt out or object to the proposed settlement.

11.    On the Effective Date, Defendants shall distribute all monies set forth in ¶ 9.

Each Class member who has timely returned a claim form and does not exclude him- or herself

will receive a check for that member's pro rata share of the settlement fund referred to in ¶ 9(a)

above.  The check shall be void after 60 days from the date of issuance.

12.     Within 30 days following the last void date of the Class members' checks, any uncashed checks or undistributed funds will be paid to Chicago Volunteer Legal Services Foundation.

13.     **Release.**  The parties grant the following releases:

a.      Upon the Effective Date, Plaintiff, Roman A. Urbaniak, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), hereby releases and discharges every Defendant, as well as its predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns, or entities for which said Defendant performs portfolio servicing activities (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which Releasor now has or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date.  Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit.

b.      Each member of the Class who does not opt out releases and discharges the RELEASED PARTIES of (i) all claims that were made or which could have been made by Plaintiff on behalf of himself or the Class, in law or in equity, for anything of any kind or nature whatsoever, known or unknown at this time, that occurred from the beginning of time up through and including the date the Court grants final approval to the settlement arising from the allegations in the Complaint.

c.      Notwithstanding anything to the contrary in this Agreement, each member of the Class specifically does not release any claims which were brought on behalf of a class in *DuHadway v. Credigy Receivable Services, Inc., 08 C 852 (N.D. Ill.).*

Defendants do **NOT** release their claims against any members of the Class for the payment of debt.  The underlying debts any Defendant sought to collect from members of the Class are not affected by this Agreement.  This Agreement does not prevent Defendants from continuing to attempt to collect the debts allegedly owed by the Class members or prevent Class members from asserting any defenses they have to any debts that Defendants may now or in the future try to collect.  Likewise, the Agreement does not affect claims or defenses that Class members may have regarding (1) whether any debt is in fact owed to defendants,

(2) the proper crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus.

Defendants release the debt they sought to collect from Plaintiff in Exhibit A to the complaint, agree not to resell the debt, and will request its deletion from his credit reports if they reported the debt to the credit reporting agencies.

14.     If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

15.     **Attorney's Fees, Notice Costs and Related Matters.**  Defendants shall pay the costs of notice and settlement administration, in addition to the amounts described above in ¶ 9. Plaintiff's counsel will request approval from the Court for attorneys' fees and costs and expenses of this lawsuit, in an amount not to exceed $19,500.  Plaintiff's counsel will not request additional fees or costs from Defendants or the Class other than the above-referenced sum. Defendants agree not to oppose an award of fees and costs to Plaintiff's counsel of no more than $19,500.00.  The attorney's fees and costs awarded by the Court shall be paid by check on the Effective Date.

16.     **Notice.**

a.      Within 30 days of entry of the Preliminary Approval Order, Defendants shall cause actual notice, in the form of Exhibit 1, to be sent to the last known addresses of the Class members, according to Defendants' records. Defendants may distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Defendants shall cause to be forwarded any such returned notice to the address provided to Defendants within four days of receipt.

b.       Should more than 10% of the Class decide to opt out of this action, Defendants may revoke this Agreement at any time up to the entry of the final order approving this Agreement.

17.    **Preliminary Approval.**  As soon as practicable after execution of this Agreement, the parties shall make application to the Court  for the Preliminary Approval Order, attached as Exhibit 2, which:

a.    Preliminarily approves this Agreement;

b.    Certifies the Class defined in ¶ 8 for settlement purposes;

c.    Appoints Edelman, Combs, Latturner & Goodwin, LLC as Class counsel;

d.    Schedules a hearing for final approval of this Agreement;

e.    Approves Exhibit 1 hereto as notice to the Class, to be directed to the last known address of the Class members as shown on Defendants' records;

f.    Finds that mailing of the Class notice and the other measures specified in ¶ 16  is the only notice required and that such notice satisfies the requirements of due process and Fed.R.Civ.P. 23.

Defendants shall provide notice of the motion for preliminary approval and a copy of the preliminary approval order (containing the final approval hearing date) to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA").

18.    The parties agree to request the form of notice attached hereto as Exhibit 1 and propose the form of preliminary approval order attached hereto as Exhibit 2.  The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

19.    **Final approval.**  At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of 90 days from the preliminary approval of the settlement (as required by CAFA), Plaintiff, Plaintiff's counsel, and Defendants shall request that the Court enter a Final Order approving the terms of this Agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the stipulated class meets all the requirements of Rule 23, finding that the notice given to the Class satisfies the requirements of due process and Rule

23, dismissing the claims of Plaintiff and the Class without prejudice and without costs, directing the entry of a final order, and retaining jurisdiction to enforce the provisions of this Agreement.

20.     The parties agree to request the form of final order attached hereto as  Exhibit 3. The fact that the Court may require non-substantive changes in the final order does not invalidate this Settlement Agreement.

21.     **Dismissal with prejudice.** Within 14 days of the Effective Date, Defendants shall file a Notice of Compliance that they have complied with the terms of the agreement and all Class members who have timely returned claim forms have been issued checks.  Ten days after the Notice of Compliance has been filed, the Court shall enter an order converting the dismissal to a dismissal with prejudice absent a timely motion by either Plaintiff or Defendants.

22.     **Release of Attorney's Lien.**  In consideration of this Settlement Agreement, Plaintiff's counsel hereby waive, discharge and release the "Released Parties," as defined in ¶13(a) above, of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Plaintiff's counsel in connection with this case, other than the amount awarded by the Court as specified above.

23.     **Miscellaneous Provisions.**   The parties and their attorneys agree to  cooperate fully with one another in seeking  approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendants of any liability or wrongdoing whatsoever.

24.     Notices and objections related to this Agreement shall be sent to:

Daniel A. Edelman (16991)
Francis R. Greene
Edelman, Combs, Latturner & Goodwin LLC
120 South LaSalle Street, Suite 1800
Chicago, IL  60603
Counsel for Plaintiff and the Class

and

Peter E. Pederson
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
Counsel for Defendants

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

25.    The foregoing constitutes the entire agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.26.  This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes.  The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

27.    Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

28.    This Agreement shall be governed by and interpreted in accordance with the laws of Illinois.

29.    If final approval is granted, the parties shall retain the class list and a list of class members who opted in or excluded themselves for two years thereafter, and may destroy them after that period.


IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _____ , 2008.


**For Plaintiff and the Class**


_____

Roman Urbaniak

**For Plaintiff's Counsel**


_____

Daniel A. Edelman
Francis Greene
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0479 (FAX)


**For Credigy Receivables, Inc.**

By:_____

Title:_____

**For Credigy Services Corp.**

By:_____

Title:_____

**For Stewart & Associates, P.C., Attorneys at Law, a Professional Corporation**

By:_____

Title:_____

**Approved as to form:**

_____

David M. Schultz
Peter E. Pederson
Hinshaw & Culbertson LLP
222 N. LaSalle St. Ste. 300
Chicago IL 60601

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROMAN A. URBANIAK, on behalf of**<br>**plaintiff and the classes defined herein,** | ) <br> ) <br> ) <br> ) | |
| **Plaintiff,** | ) <br> ) | **No. 07 CV 6326** |
| **v.** | ) <br> ) | **Judge Grady** |
| | ) <br> ) | **Magistrate Judge Mason** |
| **CREDIGY RECEIVABLES, INC.;**<br>**CREDIGY SERVICES CORP.; and**<br>**STEWART & ASSOCIATES, P.C.,**<br>**Attorneys at Law, a professional corporation,** | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| **Defendants.** | ) | |

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT. THIS IS
<u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**IN ORDER TO PARTICIPATE IN THE SETTLEMENT YOU MUST SUBMIT THE
ATTACHED CLAIM FORM BY [60 days after initial mailing date]**

| 1.  Why did I get this notice? |
|---|

You are receiving this notice because you were identified as a person to whom Stewart & Associates, P.C., Attorneys at Law, a Professional Corporation ("SAPC") sent a letter between November 8, 2006 and November 28, 2007 allegedly threatening to file suit to collect a debt that was outside the statute of limitations.   SAPC allegedly sent the letter on behalf of the other defendants.

| 2.  What is this lawsuit about? |
|---|

The lawsuit claims that the SAPC and the other defendants violated the federal Fair Debt Collection Practices Act ("FDCPA"),  by sending you a letter that allegedly threatened to file suit on a debt that was outside the statute of limitations. Defendants deny that that they violated the FDCPA and other laws and deny all substantive allegations in the lawsuit.

| 3.  Why is this a class action? |
|---|

In a class action, one or more people called Class Representatives (in this case, Roman Urbaniak), sue on behalf of a group (or a "Class") of people who have similar claims.

## 4.  Why is there a settlement?

To avoid the cost, risk, and delay of litigation, the parties reached a settlement agreement.

## 5.  How do I know if I am a part of the settlement?

For settlement purposes, the Court has certified a class consisting of all people who meet either or both of the following definitions:

(a) all  persons with Illinois addresses (b) to whom Defendants sent a letter in the form of Exhibit A to Plaintiff's complaint (c) between November 8, 2006 and November 28, 2007 (d) when the date of delinquency or last payment was more than five years prior to the date on the letter.

According to Defendants' records, you are a class member.  Defendants have identified approximately 715 class members, including yourself.

### YOUR BENEFITS UNDER THE SETTLEMENT

## 6.  What can I get from the settlement?

If you return a claim form by _____, to First Class, Inc., you will be entitled to a portion of the Class Recovery. The Defendants will pay a total of $30,000 to create a settlement fund that will be used to pay the Plaintiff, the class members, and attorney's fees and costs. The Class Recovery will be approximately $9,500. If all  715 class members return a claim form, which is unlikely, each claimant will receive about $13.29. Class Counsel expects that between 10-20% of the class members will return a claim form and that each claimant will likely receive between $132.87 and $66.43.  No class member is eligible to receive more than one check.

## 7.  When will I receive these benefits?

You will receive these benefits approximately 30-45 days after the Court enters a Final Approval Order.

## 8.  I want to be a part of the settlement and receive these benefits.  What do I do?

By _____, 2008, you need to complete, postmark and mail to First Class, Inc. the claim form at the end of this notice.

## 9.  What am I giving up to receive these benefits?

By staying in the class, all of the Court's orders will apply to you, and you give Defendants a "release." A release means you can't sue or be part of any other lawsuit against Defendants about the claims or issues in this lawsuit.

**10. How much will the Class Representative receive?**

Plaintiff Urbaniak will receive a payment of $1,000 from the settlement fund for his statutory damages and for serving as the Class Representative. This is subject to the Court's Approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive the benefits of the settlement, but you want to keep your legal claims against the Defendants, then you must take steps to get out. This is called excluding yourself.

**11. How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Urbaniak v. Credigy Receivables, Inc., et al.,* No. 07 CV 6326, (N.D. Ill.) Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked **no later than _____2008,** and sent to the following address:

> Clerk of the Court, United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, IL 60604

You must also send a copy of your request for exclusion to:

| | |
|---|---|
| Daniel A. Edelman (#19914) | David M. Schultz |
| Francis R. Greene | Hinshaw & Culbertson LLP |
| Edelman, Combs, Latturner & Goodwin, LLC | 222 N. LaSalle St., Suite 300 |
| 120 S. LaSalle Street, Suite 1800 | Chicago, IL 60601 |
| Chicago, IL 60603 | |

**12. If I exclude myself, do I still receive benefits from this settlement?**

No, you will not receive anything resulting from the settlement, but you will have the right to sue the Defendants over the claims raised in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court has named the law firm of Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel. You will not be charged for these lawyers; however they will receive a payment from the settlement fund in the amount of $19,500, if that amount is approved by the Court. Contact information for Class Counsel appears at the end of this notice. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by _____, **2008**.

### 14. How will the lawyers be paid?

Class Counsel will ask the Court to approve attorney's fees and expenses of no more than $19,500.00, which will be paid from the settlement fund.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

### 15. Is this a fair settlement?

Class Counsel believes that this settlement is fair. The claim asserted on behalf of the class against the Defendants is under the FDCPA. The FDCPA is a federal statute which provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00. (Plaintiff's complaint did not allege actual damages.) In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit can also recover attorney's fees and the expenses of prosecuting the suit, if it is successful.

Defendants contend that the only entity that acted as a debt collector in this case was SAPC, and its net worth would allow for a maximum class recovery of $1,650.00. Defendants contend that, if *arguendo* the other defendants acted as debt collectors (which defendants deny), the maximum class recovery would be $8,500.00. The Class Recovery under the Agreement exceeds that amount. Plaintiff contended that somewhat more was available, in the order of the low 5 figures. Given the circumstances, therefore, Class Counsel believe that the Agreement is fair and reasonable, would be in the best interest of the Class members, and should be approved by the Court.

In this case, the class recovery of $9,500 will be divided between those of the 715 class members who submit a timely claim form. Class Counsel expects that approximately 10-20% of the class members will return a claim form, and that claimants will receive between approximately $132.87 and $66.43.

### 16. What is the Defendant's view of this settlement?

As stated above, by settling this lawsuit, Defendants are not admitting that they have done anything wrong.  Defendants expressly deny the claims asserted by the Plaintiff and deny all allegations of wrongdoing and liability.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| 17.  How do I tell the Court that I don't like the Settlement? |
|---|

If you're a class member, you can object to the settlement.  In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement.  You must include the name and number of the case: from *Urbaniak v. Credigy Receivables, Inc., et al.,* No. 07 CV 6326, (N.D. Ill.), your name, address, telephone number, and your signature.  If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18).  You must mail your objection so that it is postmarked no later than _____ 2008 to**:**

> Clerk of the Court, United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, IL 60604

You must also send a copy of your objection to:

Daniel A. Edelman (#19914)               David M. Schultz
Francis R. Greene                              Hinshaw & Culbertson LLP
Edelman, Combs, Latturner & Goodwin, LLC     222 N. LaSalle St., Suite 300
120 S. LaSalle Street, Suite 1800             Chicago, IL 60601
Chicago, IL 60603

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend if you wish, but you are not required to do so.

| 18.  Where and when is the fairness hearing? |
|---|

The Court will hold a fairness hearing on _____ a.m. in the courtroom of Judge Grady, Room 2201 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL 60604.  The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the class and to determine the appropriate amount of compensation for the Class Counsel.  At that hearing the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice. You are not required to attend.

### GETTING MORE INFORMATION

You can call Edelman, Combs, Latturner & Goodwin, LLC, the firm representing the class, at (312) 739-4200, if you have any questions. Before doing so, please read this full notice carefully. You can also send an email to: info@edcombs.com or obtain information through their website at www.edcombs.com.

---

## PROOF OF CLAIM FORM

**RE:**     *Urbaniak v. Credigy Receivables, Inc., et al.,* No. 07 CV 6326, (N.D. Ill.)

I WISH TO RECEIVE A SHARE OF THE SETTLEMENT.

**IMPORTANT:** THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE AND MAILED TO THE FOLLOWING ADDRESS:

[ADDRESS OF CLAIMS ADMINISTRATOR]

PLEASE **LEGIBLY PRINT** THE FOLLOWING INFORMATION:

**NAME:**                         _____

**MAILING ADDRESS:**         _____

                                _____

IF YOUR NAME DIFFERS FROM THAT WHICH APPEARS ON THE MAILING LABEL, PLEASE NOTE THE NAME OF THE PERSON TO WHOM THIS NOTICE WAS ADDRESSED HERE:

_____

IF THIS NOTICE WAS MAILED TO AN ADDRESS OTHER THAN YOUR CURRENT ADDRESS, PLEASE

**NOTE THE ADDRESS HERE:**

_____

_____


**<u>SIGNATURE:</u>**        _____

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROMAN A. URBANIAK, on behalf of plaintiff and the classes defined herein,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **No. 07 CV 6326** |
| **v.** | ) ) | **Judge Grady** |
| | ) ) | **Magistrate Judge Mason** |
| **CREDIGY RECEIVABLES, INC.; CREDIGY SERVICES CORP.; and STEWART & ASSOCIATES, P.C., Attorneys at Law, a professional corporation,** | ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

## PRELIMINARY APPROVAL ORDER

The Court, having considered the parties' motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, ROMAN A. URBANIAK ("Plaintiff"), individually, and as representative of the class of persons defined below ("Class"), and Defendants, CREDIGY RECEIVABLES, INC. ("CRI"), CREDIGY SERVICES CORP. ("CSC"), and STEWART & ASSOCIATES, P.C., Attorneys at Law, a professional corporation ("SAPC").

1.      The proposed Agreement and Release, the terms of which are fully set forth in the Agreement, are reasonable, fair and hereby approved by the Court, subject to the final fairness hearing described below.

2.      For settlement purposes only, the parties have stipulated to the certification of, and the Court preliminarily certifies, the class defined as:

6345575v1 883648

(a) all persons with Illinois addresses (b) to whom Defendants sent a letter in the form of <u>Exhibit A</u> to Plaintiff's complaint (c) between November 8, 2006 and November 28, 2007 (d) when the date of delinquency or last payment was more than five years prior to the date on the letter.

3.      The class described above includes approximately 715 persons.  Edelman Combs Latturner & Goodwin LLC is appointed as Class Counsel.

4.      The Court approves the parties' proposed Class Notice, and directs it be mailed to the last known address of the class members as shown on Defendant's records.  Defendant will cause the notice to be mailed to class members on or before _____2008 **[30 days after entry of preliminary approval order]**.  Defendant will have the notice sent by any form of U.S. Mail providing forwarding addresses.

5.      The Court finds that mailing of class notice is the only notice required and that such notice satisfies the requirements of due process and Fed.R.Civ.P.23(c)(2)(B).

6.      Class members shall have until _____2008 **[60 days after the initial mailing of the notice]**  to exclude themselves from or object to the proposed settlement. Any class members desiring to exclude themselves from the action must file their request for exclusion with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division and serve copies of the request on counsel for both Plaintiff and Defendant by that date.  Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division and serve copies of the objection on counsel for both Plaintiff and Defendant by that date.  Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the

best interests of the class.  Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of a settlement.

7.     In order to receive a portion of the cash payment under the settlement, the class members must complete, return, and postmark a claim form by _____2008 **[60 days after the initial mailing of the notice]**.  The claim form will be sent with the class notice.

8.     A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on _____ 2008 (**90 days from the entry of this order**) at _____ a.m./p.m.

ENTERED:     _____
                        Judge Grady

DATE:     _____

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROMAN A. URBANIAK, on behalf of** | ) | |
| **plaintiff and the classes defined herein,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 07 CV 6326 |
| | ) | |
| **v.** | ) | **Judge Grady** |
| | ) | |
| | ) | **Magistrate Judge Mason** |
| **CREDIGY RECEIVABLES, INC.;** | ) | |
| **CREDIGY SERVICES CORP.; and** | ) | |
| **STEWART & ASSOCIATES, P.C.,** | ) | |
| **Attorneys at Law, a professional corporation,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## FINAL JUDGMENT AND FINAL APPROVAL ORDER

Upon consideration of the parties' request for final approval of the Class Settlement

Agreement ("Agreement") Plaintiff, ROMAN A. URBANIAK ("Plaintiff"), individually, and as representative

of the class of persons defined below ("Class"), and Defendants, CREDIGY RECEIVABLES, INC. ("CRI"),

CREDIGY SERVICES CORP. ("CSC"), and STEWART & ASSOCIATES, P.C., Attorneys at Law, a professional

corporation ("SAPC") orders and finds as follows:

1.      On ____, 2008, Court preliminarily approved the Agreement and certified the

Class consisting of

> (a) all persons with Illinois addresses (b) to whom Defendants sent
> a letter in the form of <u>Exhibit A</u> to Plaintiff's complaint (c)
> between November 8, 2006 and November 28, 2007 (d) when the
> date of delinquency or last payment was more than five years prior
> to the date on the letter.

2.      The Court approved a form of notice for mailing to the class.  The Court is

informed that actual notice was sent by first class mail to approximately _____ class members by

defendant.  A total of ___ envelopes were returned by the United States Postal Service, __ of

which were retuned with forwarding addresses and re-mailed. ___ class members requested exclusion and ___ objections were filed or received. A total of ___ class members timely returned the proof of claim form and are therefore entitled to a share of the monetary benefits of the settlement. As of _____, 2008, ___ late claim forms were returned by class members.

3.      On _____, 2008, the Court held a fairness hearing to which class members, including any with objections, were invited.

4.      The Court finds that provisions for notice to the class satisfy the requirements of Federal Rule of Civil Procedure 23 and due process.

5.      The Court finds that the stipulated class meets the requirements of Rule 23. Specifically the Court finds that:

(a)      The class is so numerous that joinder is impracticable.

(b)      There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

(c)      Plaintiff's claims are typical of the claims of the class members.

(d)      Plaintiff and class counsel have fairly and adequately represented the interests of the class members.

(e)      A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

6.      Excluded from the Class are those Persons (identified in <u>Appendix A</u> hereto) who timely and validly requested exclusion.

7.      The Court finds the settlement is fair and reasonable and hereby finally approves the Agreement submitted by the parties, including the Release and (a) payment by Defendants of

a total of thirty five thousand dollars ($30,000).  Defendants shall pay the settlement amount as

follows:

    a.      Plaintiff Urbaniak will receive $1,000 in settlement of his individual claim.

    b.      $9,500.00 will be distributed pro rata among class members who have timely returned a claim form postmarked by _____, 2008, who did not exclude themselves and who can be located. The checks will void sixty (60) days after issuance. It is estimated that each such Class Members will receive $_____ .

    c.      Having reviewed class counsel's petition for fees and costs and finding the request for fees and costs to be fair and reasonable, the Court approves payment to class counsel of $19,500 for reasonable attorneys' fees and costs. Plaintiff's counsel will not request additional fees or costs from defendant or the class members.

    d.      Any undistributed funds or uncashed checks will be distributed to the Chicago Volunteer Legal Services Foundation as a cy pres award.

8.    The Parties grant the following releases:

    a.      Upon the Effective Date, Plaintiff, Roman A. Urbaniak, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), hereby releases and discharges Executive Risk Indemnity, Inc. and every Defendant, as well as its predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns, or entities for which said Defendant performs portfolio servicing activities (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which Releasor now has or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date.  Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit.

    b.      Each member of the Class who did not opt out releases and discharges the RELEASED PARTIES of (i) all claims that were made or which could have been made by Plaintiff on behalf of himself or the Class, in law or in equity, for

anything of any kind or nature whatsoever, known or unknown at this time, that occurred from the beginning of time up through and including the date the Court grants final approval to the settlement arising from the allegations in the Complaint.

Notwithstanding anything to the contrary in this Agreement, each member of the Class specifically does not release any claims which were brought on behalf of a class in *DuHadway v. Credigy Receivable Services, Inc., 08 C 852 (N.D. Ill.)*.

c.    Defendants do **NOT** release their claims against any members of the Class for the payment of debt.  The underlying debts any Defendant sought to collect from members of the Class are not affected by the Agreement.  The Agreement does not prevent Defendants from continuing to attempt to collect the debts allegedly owed by the Class members or prevent Class members from asserting any defenses they have to any debts that Defendants may now or in the future try to collect.  Likewise, the Agreement does not affect claims or defenses that Class members may have regarding (1) whether any debt is in fact owed to defendants, (2) the proper crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus.

d.    Defendants release the debt they sought to collect from Plaintiff in Exhibit A to the complaint, agree not to resell the debt, and will request its deletion from his credit reports if they reported the debt to the credit reporting agencies.

9.    The Court dismisses the claims of Plaintiff and the Class against Defendants and the Released Parties without prejudice and without costs.

10.    Within thirty-five (35) days of this Order, Defendants shall file a notice ("Notice of Compliance") that they have complied with the terms of the Agreement and all Class members have been issued checks.

11.    The dismissal of this action will be converted to a dismissal with prejudice ten (10) days after the Notice of Compliance has been filed, absent a timely motion to enforce this final judgment by either Plaintiff or Defendants.

12.    The Parties are directed to perform the Agreement.

13.    The Court reserves exclusive and continuing jurisdiction over the Litigation, the

Plaintiff, the Class and the Defendants for the purposes of: enforcing this final judgment and final approval order.

  14.  This case is hereby terminated. This is a final decision for purposes of 28 USC Section 1291.

           ENTERED:  _____
                    Judge Grady

           DATE:     _____